# UNITED STATES COURT OF APPEALS

**Filed 6/6/96**

## TENTH CIRCUIT

PAT HAYES,

     Plaintiff-Appellant,

v.

BENJAMIN DEMPS, JR., Director, Oklahoma Department of, Human Services,

     Defendant-Appellee.

No. 95-6198
(D.C. No. CIV-95-458-L)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

Appellant Pat Hayes appeals the district court's dismissal of this action for lack of subject matter jurisdiction. We **AFFIRM**.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

On April 13, 1992, Hayes applied to the Oklahoma Department of Human Services ("DHS") for Aid to Families With Dependent Children ("AFDC") benefits. His application was denied on May 6, 1992 because he had no eligible children in the home. (Appee App. at 34). Hayes requested and was granted an administrative hearing, which was held on June 16, 1992. (Id. at 35-36). The denial of his application was upheld despite Hayes' references to the Social Security Act and allegations of discrimination. (Id. at 36.) Hayes then requested further review of his case by the Director of the Department of Human Services. (Id. at 38). The Director issued a decision letter dated September 29, 1992, approving Hayes' application for the month of April 1992 only, with ineligibility to begin May 1992. (Id. at 39). On December 11, 1992 Hayes filed a petition in state court requesting judicial review of the Director's decision. (Id. at 44). The petition was dismissed by the state district court as untimely, because it was not brought within 30 days of the final agency decision as required by Okla. Stat. tit. 56, § 168(C). (Id. at 45). Hayes appealed that dismissal to the Oklahoma Court of Appeals and the Oklahoma Supreme Court, both of which affirmed the dismissal. (Id. at 51, 56).

Hayes reapplied for AFDC benefits in April 1993. (Id. at 46). This application was denied, again because Hayes had no eligible children in the home. (Id.) Hayes timely requested and received an administrative hearing and review by the Director. (Id. at 48-50). In his second decision letter, the Director informed Hayes that "[t]his issue was considered in an administrative hearing on June 16, 1992 and a final decision

rendered by me on September 29, 1992." (Id. at 50). This second letter was issued on October 13, 1993 (id.), and Hayes filed a petition in state court for judicial review of the denial letter on November 12, 1993. (Id. at 1).

On February 22, 1995, the state district court granted the Defendant's motion to dismiss Hayes' petition and, finding the action frivolous, awarded attorney fees to the Defendant. (Id. at 57). On March 24, 1995, Hayes filed a "Notice of Removal . . . to Federal District Court." (Id. at 59-60). The district court, concluding that Hayes was attempting to appeal an adverse decision of a state court judgment, dismissed this action without prejudice for lack of subject matter jurisdiction. (Id. at 60). Hayes appeals.

Hayes invokes federal jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(3), claiming that DHS Manual Section 337.2 violates the Equal Protection Clause of the Fourteenth Amendment and contravenes the Social Security Act. Even assuming arguendo that Hayes raises a valid constitutional claim, he cannot remove his action to federal district court. Where appropriate, actions may be removed from state to federal court "by the defendant or the defendants," 28 U.S.C. § 1441(a), within 30 days of the defendant's receipt of the initial pleadings. 28 U.S.C. § 1446(b). A plaintiff may not seek removal to federal court, nor may any party attempt to appeal an adverse state court decision to federal district court. The district court, therefore, was correct in holding that it lacked subject matter jurisdiction over this action.

Hayes argues now that his Notice of Removal was erroneously filed, and that the action was dismissed before he could submit a "proper complaint." Although the courts are obliged to construe pro se pleadings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), no construction of Hayes' pleadings remedies the jurisdictional defect here. We further note that the district court's dismissal of Hayes complaint was without prejudice Accordingly, we **AFFIRM** the April 18, 1995 order of the district court for substantially the reasons stated therein.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 4 -